IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN ERIC ROUSE, #311-741<br>    Petitioner, | * |
| | * |
| v. | CIVIL ACTION NO. WMN-06-3312 |
| | * |
| PAULA J. HOMANN, et al.,<br>    Respondents. | * |

******

## **MEMORANDUM**

This case was filed on December 11, 2006, when Petitioner filed the above-captioned pleading, entitled "Criminal Complaint", wherein he states that Respondent, court reporter Paula J. Homann, has committed perjury by illegally amending his state sentencing transcript.[1] Paper No. 1. Although Petitioner has not filed a Motion for Leave to Proceed in Forma Pauperis, because he appears indigent, indigency status shall be granted pursuant to 28 U.S.C. § 1915(a). It appears that Petitioner wishes this court to enter an order directing Respondents to take some action concerning his state sentencing transcript and/or to enter an order directing the state Circuit Court to act on Petitioner's pending state post-conviction petition.

Because Petitioner seeks to compel a certain action by the state and/or its agents, the Court concludes that the present matter is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a

---

[1] Attached to Petitioner's pleading is correspondence from attorney Joseph Tetrault of the Prisoner Rights Information System of Maryland, Inc. (PRISM), which clarified Petitioner's concern. The correspondence indicates that as a result of Petitioner and PRISM's inquiry into whether any portion of Petitioner's state sentence was suspended a corrected transcript was prepared by the court reporter to accurately reflect what was recorded on the video tape of the sentencing rather than what was originally reflected in the transcription and which has been characterized as a "slip of the tongue" i.e. the transcript as originally prepared stated "[m]y sentence is 12 years, 12 suspended, no public defender's fee." The video tape and corrected transcript reveal that the sentencing court said "12 years, costs suspended, no public defender's fee."

petitioner.  However, this court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to take any action concerning pending proceedings or force a court reporter to take any action to amend the transcript. *See  Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).  Therefore, Petitioner's request for mandamus relief shall be denied.

      A separate Order shall be entered reflecting the Opinion set forth herein.

January 10, 2007

/s/

William M. Nickerson
United States District Judge